UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-CV-00040-FDW-DSC

| | |
|---|---|
| DOROTHEA TYCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| AT&T CORP. and AT&T SOUTHEAST ) | |
| DIABILITY PROGRAM PLAN, ) | |
| ) | |
| Defendants. ) | |
| ) | |

THIS MATTER is before the Court on Defendants' Motion for Summary Judgment (Doc. No. 14), wherein Defendants move this Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, to grant summary judgment in favor of Defendants as to all of Plaintiff's claims.[1] For the reasons set forth below, Defendants' Motion is GRANTED.

## I. BACKGROUND

---

[1] The Court notes the relief Plaintiff seeks in this matter is not clear from her Complaint (Doc. No. 1) or her Response to Defendant's Motion for Summary Judgment (Doc. No. 17). Plaintiff's Complaint (Doc. No. 1) reads, in relevant part, as follows:

> Plaintiff respectfully requests that this Court consider the lack of opportunity to create an administrative record in this case and any other evidence relevant to any factors discussed by Champion v. Black & Decker, 550 F.3d 353 [(]4th Cir. 2008), if applicable and depending on the standard of review, and declare pursuant to 29 U.S.C. §1132(a)(1)(B) that Plaintiff is entitled to the benefits which she seeks under the terms of the plan… Should the Court award Plaintiff any part of the relief requested, Plaintiff additionally prays that the Court award her attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)… Plaintiff prays for a declaration of entitlement to the Short-Term and Long-Term Disability benefits they seek pursuant to 29 U.S.C. §1132(a)(1)(B), payment of a daily fine from April 1, 2019 forward, attorneys' fees and costs pursuant to 29 U.S.C. §1132(g), and such other and further relief as this Court deems just and proper…

(Doc. No. 1, pp. 3-4). Therefore, the Court interprets Plaintiff's pleadings as requesting relief for (1) wrongful denial of Short-Term Disability ("**STD**") and Long-Term Disability ("**LTD**") benefits under 29 U.S.C. § 1132(a)(1)(B) from October 9, 2019 forward; (2) statutory penalties for failure to provide documents under 29 U.S.C. § 1024(b)(4) from April 1, 2019 forward; and (3) if Plaintiff is successful on the merits of her claims, attorney fees under 29 U.S.C. § 1129(g).

Plaintiff, Dorothea Tyce, is a former employee of BellSouth Telecommunications, LLC ("**BellSouth**"), a subsidiary of AT&T Inc.[2] (Doc. No. 15, p. 4). BellSouth is a participating company in the AT&T Southeast Disability Benefits Program (the "**Program**"), which is a component program of the AT&T Umbrella Benefit Plan No. 3. Id. AT&T Services, Inc. is the Plan Administrator of the Program and the AT&T Umbrella Benefit Plan No. 3, and Sedgwick is the third-party Claims Administrator for the Program and operates the AT&T Integrated Disability Service Center. Id. Upon her employment with BellSouth, Plaintiff was identified as an Eligible Employee of, and enrolled in, the Program. (Doc. No. 17, p. 1).

In January of 2018, Plaintiff went on leave, pursuant to the Family Medical Leave Act. Id. Shortly thereafter, on or around January 18, 2018, Plaintiff applied for STD and LTD benefits under the Program. Id. at 2. Plaintiff asserts, without pointing to the Administrative Record or providing any evidence supporting her assertion, that "[i]n April of 2018, Defendants denied Plaintiff's claim". Id. Defendants assert, and the Administrative Record shows, however, that Plaintiff's STD benefits were approved beginning January 25, 2018, upon the expiration of the Program's seven-day waiting period, and the benefits were eventually approved through August 6, 2018. (Id.; See Doc. No. 13-2, p. 8). On September 5, 2018, Sedgwick notified Plaintiff that her STD benefits were denied beginning August 7, 2018, through her return to work. (Doc. No. 15, p. 4; See Doc. No. 13-1, p. 1037).

Plaintiff's employment with BellSouth ended on October 9, 2018. (Doc. No. 15, p. 5). On March 8, 2019, Plaintiff filed a first-level appeal of the denial of her STD benefits. Id. On October 1, 2019, and December 16, 2019, Plaintiff, with Defendants' consent, submitted supplemental evidence to support her first-level appeal. (Doc. No. 17, p. 3). By letter dated January 7, 2020, Sedgwick reversed the denial of STD benefits and awarded Plaintiff benefits from August 7, 2018

---

[2] Plaintiff asserts she is a former employee of AT&T Inc.; however, the Administrative Record makes clear that Plaintiff was an employee of BellSouth Telecommunications, LLC. (See Doc. No. 13-1, p. 2).

through October 9, 2018. (Doc. No. 15, p. 5). Plaintiff did not file a second-level appeal of the denial of her STD benefits. (Doc. No. 15, p. 12; See Doc. No. 13-3, p. 30).

Plaintiff also asserts, again without presenting any admissible evidence, that in April of 2018, she requested a copy of the policies for STD and LTD from Defendant AT&T IDSC, but Defendants failed to provide such requested copy within thirty (30) days. (Doc. No. 17, p. 2). Defendants contend that Sedgwick, the Program's Claim Administrator, received a letter dated October 1, 2019, wherein Plaintiff's Counsel made reference to not having received the policy requested six 6) months earlier. (Doc. No. 15, p. 5). On October 4, 2019, Sedgwick contacted Plaintiff's Counsel's office and explained a written request would need to be made to AT&T Services, Inc. in order to receive a copy of the relevant plan documents. Id. By letter dated October 15, 2019, Plaintiff's Counsel made such request to AT&T Services, Inc., and on November 19, 2019, AT&T Services, Inc. provided the documents requested. Id.

## II. STANDARD OF REVIEW

### A. Summary Judgment

Summary judgment is appropriate if the movant shows there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law". Fed. R. Civ. P. 56(a). A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact". Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the burden shifts and the non-moving party must then "set forth specific facts showing that there is a genuine issue for trial." See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 n.11 (1986) (quoting Fed. R. Civ. P.

56(e)). Generally, "the court must accept the factual allegation in the Complaint and must construe the in the light most favorable to the plaintiff". Martin Marietta Corp. v. International Telecommunications Satellite Org., 991. F.2d 94, 97 (4th Cir. 1992). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence". Dash v. Mayweather, 731 F.3d 303, 311 (4th Cir. 2013) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Stone v. Liberty Mut. Ins. Co., 105 F.3d 188, 191 (4th Cir. 1997)). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

### B. Wrongful Denial of Benefits Under ERISA

A district court reviews a plan administrator's decision under an abuse of discretion standard if the benefit plan clearly and unambiguously gives the administrator discretion to award benefits.[3] Cosey v. Prudential Ins. Co. of America, 735 F.3d 161, 165 (4th Cir. 2013). This standard is highly deferential, Id. at 168, thus, the decision of the administrator should be affirmed so long as it is reasonable. Williams v. Metropolitan Life Ins. Co., 609 F.3d 622, 630 (4th Cir. 2010). In other

---

[3] Plaintiff failed to discuss the appropriate standard of review for her claims under ERISA, and therefore, the parties do not dispute that an abuse of discretion standard is appropriate for this case. Nonetheless, the Court notes that the Program's Summary Plan Description (the "**SPD**") provides:
> The Claim Administrator has been delegated the complete discretionary fiduciary responsibility for all disability determinations by the Plan Administrator to determine whether a particular Eligible Employee who has filed a claim for benefits under the Program, to determine whether a claim was properly decided, and to conclusively interpret the terms and provisions of the Program. Such determinations and interpretations shall be final and conclusive.

(Doc. No. 13-3, p. 35). This language clearly confers the requisite "discretionary authority" in order to apply the abuse of discretion standard. See Booth v. Wal-Mart Stores, Inc. Assocs. Health & Welfare Plan, 201 F.3d 335, 343-44 (4th Cir. 2000) (finding discretionary authority conferred by language that gave the plan's administrative committee "complete discretion to interpret the provisions of the Plan, make findings of fact, correct errors, and supply omissions"); Bailey v. Blue Cross & Blue Shield, 67 F.3d 53, 56 (4th Cir. 1995) (policy language that permits administrator to determine the extent to which an insured is entitled to benefits "in its sole discretion" warrants use of abuse of discretion standard), *abrogated on other grounds*, Carden v. Aetna, 559 F.3d 256 (4th Cir. 2009).

words, affirmance of a denial decision is appropriate if it "is the result of a deliberate, principled reasoning process and if it is supported by substantial evidence". Brogan v. Holland, 105 F.3d 158, 161 (4th Cir. 1997) (internal quotation marks omitted) (quoting Bernstein v. Capital Care, 70 F.3d 783, 788 (4th Cir. 1995).

The Fourth Circuit has identified eight factors to use in considering whether an administrator's decision is reasonable: (1) the language of the plan; (2) the purposes and goals of the plan; (3) the adequacy of the materials considered to make the decision and the degree to which they support it; (4) whether the fiduciary's interpretation was consistent with other provisions in the plan and with earlier interpretations of the plan; (5) whether the decision-making process was reasoned and principled; (6) whether the decision was consistent with the procedural and substantive requirements of ERISA; (7) any external standard relevant to the exercise of discretion; and (8) the fiduciary's motives and any conflict of interest it may have. Booth, 201 F.3d at 342-43.

### III.     ANALYSIS

As an initial matter, the Court notes Plaintiff has failed to properly support her statement of facts or properly address Defendants' assertion of facts as required by Rule 56(c) of the Federal Rules of Civil Procedure. Rule 56(c) places the burden on the party responding to a motion for summary judgment to show that a fact is genuinely disputed by "…citing to particular parts of materials in the record…; or… showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact". Fed. R. Civ. P. 56(c). Consequently, the non-moving party "cannot merely rely on matters pleaded in the complaint, but must, by factual affidavit or the like, respond to the motion". Adkins v. Jackson, 2019 WL 452771 at *13 (W.D.N.C. 2019) (citing Celotex, 477 U.S. at 324). An unverified complaint does not meet this standard, Id., nor will speculation, conjecture, or conclusory

allegations.  Brewer v. Dana Corp., 205 F.Supp.2d 511, 520 (W.D.N.C. 2002).  To the extent a party fails to properly support an assertion of fact or address another party's assertion of fact, Rule 56(e) of the Federal Rules of Civil Procedure permits a court to "…consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it…".  Fed. R. Civ. P. 56(e)(2)-(3).

Here, Plaintiff has merely reasserted the factual allegations from her unverified Complaint (Doc. No. 1).  Plaintiff has filed neither a factual affidavit nor a verified complaint and has failed to cite to any part of the record to support her assertions or dispute Defendants' statement of facts.  Consequently, Plaintiff has failed to meet her burden to show there is a genuine issue of material fact, and, for the reasons set forth below, Defendants are entitled to judgment as a matter of law.

### A. Wrongful Denial of STD and LTD Benefits Under ERISA

Plaintiff's claims for wrongful denial of STD and LTD benefits are time barred for two reasons.  First, Plaintiff failed to exhaust her administrative appeals in a timely manner, and second, Plaintiff failed to file her suit within the limitations period set forth in the SPD.  The SPD clearly highlights that participants who wish to file a lawsuit regarding their "right to receive benefits… must first go through the applicable claim and appeal process described… including *both* levels of appeal for Short-Term Disability Benefits".  (Doc. No. 13-3, p. 30).  The SPD also states that appeals must be undertaken within 180 days of receipt of a denial letter (Doc. No. 13-3, p. 28) and warns that participants may not file a lawsuit until they have completed the claim and appeal process (Doc. No. 13-3, p. 30).  Here, the uncontroverted evidence shows Plaintiff failed to file a second administrative appeal within 180 days from her receipt of the January 7, 2020, letter resolving Plaintiff's first appeal.

Moreover, the SPD contains a limitation period of "180 days after the date of the final denial by the Claims Administrator" in which to file suit. (Doc. No. 13-3, p. 30). Even if the letter dated January 7, 2020, was interpreted as a final denial, which the Court notes Plaintiff does not argue, Plaintiff failed to file her suit until approximately 385 days after her receipt of the denial letter. Thus, because Plaintiff failed to file a second administrative appeal and file her suit within 180 days of the January 7, 2020, denial letter, Plaintiff's claims are time barred and Defendants are entitled to judgment as a matter of law.

Notwithstanding the foregoing, even if Plaintiff had properly followed the administrative requirements of the Program's SPD, based on the record, the Court cannot find Sedgwick's denial decision was irrational, unreasonable, or unsupported by substantial evidence. The SPD expressly provides STD benefits end on the day the participant's "employment is terminated for any reason". (Doc. No. 13-3, p. 14). Here, it is undisputed that Plaintiff's employment with BellSouth ended on October 9, 2018. (Doc. No. 15, p. 5). Thus, there was no abuse of discretion when Sedgwick only awarded benefits through October 9, 2018, Plaintiff's last day of employment with a participating company in the Program.

In support of their contention that Sedgwick's denial decision was reasonable and not an abuse of discretion, Defendants assert Sedgwick's decision to award benefits up until Plaintiff's last day of employment with BellSouth was consistent with the language of the Program, as well as its purposes and goals; Sedgwick relied on payroll information regarding Plaintiff's employment status; Sedgwick's interpretation of the Program language was consistent with other plan provisions; and Sedgwick's decision-making process was reasoned and principled, and consistent with the procedural and substantive requirements of ERISA. (Doc. No. 15, pp. 10-11). Plaintiff does not dispute Defendants' assertions, and, accordingly, the Court considers these facts

undisputed for the purposes of Defendants' Motion for Summary Judgment. See Fed. R. Civ. P. 56(e)(2). Furthermore, the Court sees no need, and Plaintiff does not request, to look to any external standards, and Sedgwick was not operating under any conflict of interest, as the benefits at issue would have been paid from a trust. (Doc. No. 13-3, p. 36). Based on the foregoing, the Court finds Sedgwick's denial decision was reasonable and not an abuse of discretion, as the decision was the result of a deliberate, principled reasoning process and is supported by substantial evidence. See Brogan, 105 F.3d at 161.

As to Plaintiff's claim of wrongful denial of LTD benefits, under the terms of the Program, in order for a participant to be considered for LTD benefits, she "must… [h]ave received the maximum amount (52 weeks) of Short-Term Disability Benefits under the Program". (Doc. No. 13-3, p. 22). Plaintiff did not receive the maximum amount of STD benefits under the Program, and as stated above, nothing in this record indicates Plaintiff is entitled to receive additional STD benefits that would cause Plaintiff to become eligible for LTD benefits under the Program. Accordingly, Defendants are entitled to judgment as a matter of law and summary judgment in favor of Defendants is appropriate as to Plaintiff's claims of wrongful denial of STD and LTD benefits under ERISA.[4]

**B. Penalties and Fees Under ERISA § 502 for Failure to Provide Documents**

---

[4] The Court acknowledges Plaintiff's reference to Section 510 of ERISA in her Response brief (Doc. No. 17). Section 510 makes unlawful, among other things, the discharge of, or discrimination against, "a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan… or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan…". 29 U.S.C. § 1140. It is well settled that, "ordinarily, a response to a motion for summary judgment is not the proper vehicle to raise new claims". Smith v. Perry, 2019 WL 7403869, at *10 (M.D.N.C. 2019) (quoting White v. Keller, 2013 WL 791008, at *3 (M.D.N.C. 2012); see also, Pressley v. Caromont Health, 2010 WL 4625965 at *6 (W.D.N.C 2010) (Striking additional claims alleged in plaintiff's motion for summary judgment that were not originally alleged in her complaint). Plaintiff did not allege a claim under Section 510 of ERISA in her Complaint (Doc. No. 1), nor has she moved this Court to amend her Complaint. As Plaintiff first references Section 510 of ERISA in her Response brief (Doc. No. 17), and then merely provides the law without analyzing the law to the facts of this case or raising a claim against Defendants, such reference is stricken.

29 U.S.C. § 1024(b)(4), provides:

> [t]he administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated.

29 U.S.C. § 1024(b)(4). Under ERISA, an "administrator" is defined as:

> (i) the person specifically so designated by the terms of the instrument under which the plan is operated; (ii) if an administrator is not so designated, the plan sponsor; or (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may be regulation prescribe.

29 U.S.C. § 1002(16)(A). The SPD specifically designates AT&T Services, Inc. as the Plan Administrator. (Doc. No. 13-3, p. 35). Therefore, any request for documentation under 29 U.S.C. § 1024(b)(4) must be sent to AT&T Services, Inc. Here, however, it is undisputed Plaintiff sent her initial request for policy documentation to "AT&T IDSC". (Doc. No. 17, p. 2).

The Court recognizes Plaintiff's assertion that "AT&T is a complex web of shells" (Doc. No. 17, p. 4). This complexity, however, does not excuse Plaintiff's failure to request documentation from the proper party, AT&T Services, Inc., particularly where Plaintiff was notified of the entity and address where "[r]equests for copies of the plan and/or SPD should be made in writing". See Doc. No. 13-1, p. 1043. Moreover, Plaintiff has failed to proffer any evidence showing she actually mailed her request for documentation, whether to AT&T Services, Inc., AT&T Integrated Disability Service Center, or some other entity.[5] The undisputed record does show, however, that Plaintiff requested documentation from the Plan Administrator in October of 2019 and received the documentation in November of 2019. (Doc. No. 15, p. 5). Therefore, Plaintiff's claim for penalties under 29 U.S.C § 1024(b)(4) for failure to provide

---

[5] Indeed, Plaintiff's Response brief contradicts itself as to when Plaintiff requested a copy of the relevant policy. See Doc. No. 17, p. 2 ("In April of 2019, Plaintiff requested a copy of the policy for Short Term/Long Term Disability from Defendant AT&T IDSC."); cf., Id. at 4 ("On March 8, 2019, Plaintiff requested a complete copy of Ms. Tyce's disability policy.").

documents is meritless, and summary judgment in favor of Defendants is appropriate.

### C. Attorney's Fees

29 U.S.C. § 1132(g)(1) provides in pertinent part, "[i]n any action under this subchapter… by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party". 29 U.S.C. § 1132(g)(1). In this case, Plaintiff requests the Court award Plaintiff attorney's fees and costs only if "the Court award[s] Plaintiff any part of the relief requested" in her Complaint (Doc. No. 1, p. 4). Even so, because Plaintiff has failed to raise a genuine dispute of material fact and Defendants are entitled to judgment as a matter of law as to all of Plaintiff's claims, Plaintiff is not entitled to any relief requested in her Complaint and the Court declines to award Plaintiff attorney's fees and costs under 29 U.S.C. § 1132(g).

### IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment (Doc. No. 14) is GRANTED. The Clerk is respectfully directed to issue judgment in accordance with this Order and CLOSE THE CASE.

IT IS SO ORDERED.

Signed: October 27, 2021

_____
Frank D. Whitney
United States District Judge